INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC., et al., Plaintiffs,

v.

Captain Ralph L. HAYS, etc., et al., Defendants.

No. 76–1938–CIV–JLK.

United States District Court, S. D. Florida, Miami Division.

Sept. 8, 1977.

Barry A. Fisher, Beverly Hills, Cal., Joel Hirschhorn, Miami, Fla., for plaintiffs.

Larry K. White, George L. Waas, Dept. of Transportation, E. Jon Whitney, Dept. of Highway Safety and Motor Vehicles, Tallahassee, Fla., for defendants.

## MEMORANDUM OPINION

JAMES LAWRENCE KING, District Judge.

This is a civil rights action seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02. The plaintiffs seek to have Florida Department of Transportation [DOT] Regulation 14–61.06 [1] declared unconstitutional and to enjoin its enforcement. They allege that it is a standardless licensing law which is unconstitutional on its face, and as construed and applied to their distribution of religious literature and solicitations of donations on certain portions of rest stops located on the Florida Sunshine Parkway. The court's jurisdiction is grounded upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3–4) (civil rights).

International Society for Krishna Consciousness, Inc. [ISKON] is an international religious society which espouses the religious and missionary views of Krishna Consciousness. ISKON maintains temples and schools in cities throughout the United States and the world, including Miami, Florida.[2]

The defendants are all officials of the State of Florida and are sued in their official capacities.

After the complaint, answers, certain motions, memoranda, and affidavits were submitted, the court invited the parties to submit statements of material facts which they believed were in dispute or to move for summary judgment. The defendants submitted the former, and the plaintiffs moved for a summary judgment. The court has allowed ample time for the parties to submit any and all memoranda and affidavits, and the motion for summary judgment is now ripe for decision.

## FACTS

The Hare Krishna religion imposes on its members the duty to perform a religious ritual known as Sankirtan, which consists of disseminating and selling religious tracts and soliciting contributions in public places. Sankirtan is directed to spreading the Hare Krishna religion, attracting new members, and supporting ISKON's religious activities. Donations and book sales are the principal means of support of this religion. Members of ISKON have attempted to perform Sankirtan in those portions of the Florida Sunshine Parkway open to the general public. The parkway and its rest stops are owned by the State of Florida and are managed by the Florida Department of Transportation. The rest stops are policed by officers of the Florida Highway Patrol, who arrest violators of the law. Arrests at these rest stops within Dade County, Florida, are prosecuted by the Dade County State Attorney.

During the past year, plaintiffs have attempted to solicit donations and to sell religious literature in the nonleased, outdoor areas of the rest stops on the Florida Sunshine Parkway open to the general public. They were referred to DOT Reg. 14–61.06, which in pertinent part provides:

> No person shall post, distribute, or display signs, advertisement, circulars, printed or written matter on the Turnpike System without written permission from the Department.

1. DOT Reg. 14–61.06 provides in pertinent part: Soliciting or Carrying on Commercial Activity. No person shall engage in any commercial activity on the Turnpike System without written permission of, or unless under contract with, the Department. Nor shall any person solicit business or funds for any purpose on the Turnpike System without written permit granted by the Department. . . .

2. ISKON is described in *ISKON v. Conlisk*, 374 F.Supp. 1010 (W.D.Ill.1973), and *ISKON v. City of New Orleans*, 347 F.Supp. 945 (E.D.La.1972).

Soliciting or Carrying On Commercial Activity. No person shall engage in any commercial activity on the Turnpike System without written permission of, or unless under contract with, the Department. Nor shall any person solicit business or funds for any purpose on the Turnpike System without written permit guaranteed by the Department. . . .

No person shall post, distribute, or display signs, advertisement, circulars, printed or written matter on the Turnpike System without written permission from the Department.

Upon being informed of the regulation, plaintiffs requested permission from DOT to solicit donations and sell religious material. The request was denied. Thereafter, plaintiffs spoke with defendant Captain Ralph L. Hays, who informed them that his officers would enforce DOT's regulations and that violators would be subject to possible arrest. Plaintiffs have since then desisted from violating DOT Reg. 14–61.06; no arrests have been made, and no prosecutions have ensued nor are any prosecutions pending at this time.

### PROPRIETY OF SUMMARY JUDGMENT

Pursuant to Fed.R.Civ.P. 56, summary judgment shall not be granted unless the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The defendants do not dispute the facts set out above; rather they maintain as their sole defense to this action that there exists a dispute over whether certain unnamed persons allegedly members of IS-KON have engaged in a pattern of conduct which is not protected by the First Amendment. They assert that the *material fact dispute* which should vitiate plaintiff's entitlement to summary judgment is that plaintiffs claim absolute First Amendment protection for each and every activity of their members, while defendants claim that certain conduct is not protected.

■ Plaintiffs have never claimed in any of their pleadings that each and every ac-

tivity of their members is protected by the First Amendment; to the contrary, they have admitted that their members are subject to all laws regulating the conduct of persons dealing with the public, such as misrepresentation, battery, etc. But whether this matter is actually in dispute is irrelevant, because the issue this case presents is simply whether DOT Reg. 14–61.06 is unconstitutional on its face and as applied and whether its threatened enforcement operates as an impermissible chill on plaintiff's First Amendment rights of religion and speech. Clearly, a factual dispute over the extent of First Amendment protection in every conceivable action is not material to the decision of the constitutional validity of a state regulation.

On all fours with this case on the issue of the propriety of summary judgment is *International Society of Krishna Consciousness et al. v. Rochford*, 425 F.Supp. 734 (N.D.Ill. 1977), where the court said:

Therefore, a dispute exists between the parties concerning construction of the regulations; but it is not a dispute as to a material fact; it is one that presents only a question of law. Where a decision turns on the meaning of words in a statute or regulation, a legal question is presented for the court to decide. Therefore, when the question presented is only a legal one requiring examination of municipal regulations to determine their constitutionality, the issue is appropriate for summary judgment proceedings. (citations omitted).

*Id.* at 738.

The court finds that there exists no genuine issue of a material fact, and thus the merits can be reached.

■ Initially, it is important to note that since no arrests have occurred and no prosecutions are presently pending with respect to the regulation at issue, this court is not prohibited from examining the challenged regulation by the requirements of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). *See Doran v. Salem Inn*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d

648 (1975). Likewise, abstention in this case is not required by *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), because abstention under *Pullman* is required only when a limiting interpretation is feasible and where the state court is better able to fashion an interpretation. In this case, no interpretation of vague terms is necessary because the regulation at issue contains *no standards* to interpret. Finally, plaintiffs have standing to challenge DOT Reg. 14–61.06 whether or not their conduct could be proscribed by a properly drawn ordinance and whether or not they ever applied for a permit. *Freedman v. State of Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

### THE MERITS

█ It is well established that the solicitation of donations and the selling of religious literature in furtherance of one's religion are activities protected by the First Amendment.[3] *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1939); *Murdock v. Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943).

█ Laws and regulations which impose prior restraints upon the exercise of First Amendment freedoms are inherently suspect and bear a heavy presumption against their constitutionality. *Shuttlesworth v. Birmingham*, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969). Such regulations can be justified only by a *compelling* governmental interest, and the burden is upon the government to prove the existence of such an interest. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547

(1976). "[A] law subjecting the exercise of First Amendment freedoms to the prior restraint of a licensor without narrow, objective, definite standards to guide the licensor's authority is unconstitutional." *Shuttlesworth*, 394 U.S. at 150–151, 89 S.Ct. at 938, 22 L.Ed. at 167. The standards set forth must be "susceptible of objective measurement," *Keyishian v. Board of Regents*, 385 U.S. 589, 603, 87 S.Ct. 675, 684, 17 L.Ed.2d 629, 641 (1967), and "[p]recision of regulation must be the touchstone in an area so closely touching our most precious freedoms." *NAACP v. Button*, 371 U.S. 415, 438, 83 S.Ct. 328, 340, 9 L.Ed.2d 405, 421 (1962). This is so because

> the danger of censorship and of abridgment of our precious First Amendment freedoms is too great where officials have unbridled discretion over a forum's use. Our distaste for censorship—reflecting the natural distaste of a free people—is deepwritten in our law.

*Southeastern Promotions v. Conrad*, 420 U.S. 546, 553, 95 S.Ct. 1239, 1244, 43 L.Ed.2d 448, 456 (1975).

█ An examination of DOT Reg. 14–61.06 under the guidance of the principles quoted above shows clearly that this regulation gives the licensor unbridled discretion to grant or deny the permit which plaintiffs seek. Since no standards of any kind have been provided to guide the licensor, much less the narrow, objective, and definite standards required, the regulation is unconstitutional on its face. *Shuttlesworth*.[4] Furthermore, since it is well established that the denial of First Amendment freedoms even for a day inflicts irreparable injury, *Elrod v. Burns*, 427 U.S. 347, 373, 96

---

**3.** This does not mean that other activities of ISKON's members which might violate valid laws and regulations of the State of Florida enacted to protect its citizens and visitors are protected by the First Amendment, e. g., assault, misrepresentation, fraud, etc.

**4.** Although neither the Supreme Court not any Circuit Court has to date issued an opinion concerning ISKON's activities, there has been widespread litigation in the District Courts, and by far, most have reached the same result. *In accord, ISKON v. Rochford*, 425 F.Supp. 734

(N.D.Ill.1977); *ISKON v. Engelhardt*, 425 F.Supp. 176 (W.D.Mo.1977); *ISKON v. Eaves*, Case No. 75–195 (N.D.Ga. May 3, 1976); *ISKON v. Wetzel*, Case No. 75–450 (D.Ariz. Sept. 2, 1975); *ISKON v. Lamb*, Case No. 75–88 (D.Nev. Oct. 17, 1975); *ISKON v. Conlisk*, 374 F.Supp. 1010 (N.D.Ill.1973); *ISKON v. City of New Orleans*, 347 F.Supp. 945 (E.D.La.1972); *contra, ISKON v. New York Port Authority*, 425 F.Supp. 681 (S.D.N.Y.1977); *ISKON v. Dallas-Fort Worth Regional Airport Bd.*, 391 F.Supp. 606 (N.D.Tex.1975).

S.Ct. 2673, 2690, 49 L.Ed.2d 547, 565 (1976), plaintiffs are entitled to the injunctive relief they seek.

DONE AND ORDERED in chambers at Miami, Florida, this 7th day of September, 1977.