INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC. and Nico Kuyt, on behalf of themselves and all International Society for Krishna Consciousness members, Plaintiffs,

v.

Salvador LENTINI, Kenner Police Chief, and James Maxwell, Kenner City Attorney, Individually and in their official capacities, and New Orleans Aviation Board, Defendants.

Civ. A. No. 75–2233.

United States District Court, E. D. Louisiana.

Aug. 1, 1978.

Barry A. Fisher, Beverly Hills, Cal., Michael Silvers, New Orleans, La., for plaintiffs.

H. A. Vondenstein, Kenner, La., for defendant, City of Kenner.

Herbert W. Christenberry, Jr., Lawrence S. Kullman, New Orleans, La., for defendant, New Orleans Aviation Board.

CASSIBRY, District Judge:

## MOTION FOR SUMMARY JUDGMENT

The International Society for Krishna Consciousness (ISKCON) and an individual devotee Nico Kuyt have brought this action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02 alleging that Kenner Ordinance No. 764 and New Orleans Aviation Board Regulations 700.5–700.6 are unconstitutional. Plaintiff, ISKCON, is a religious group which seeks to distribute its literature and solicit donations at the New Orleans International Airport. The ordinance and regulations at issue attempt to regulate solicitations in Kenner, Louisiana, the location of the airport, and in the airport terminal itself.

This action was originally filed in July 1975, and the parties were advised by letter opinion after a hearing on the preliminary injunction that the Regulations and Ordinance are unconstitutional. At the same time the Court recognized the position of all parties that valid reasonable "time, place and manner" regulations could be implemented and suggested that the parties reach an accommodation that would satisfy all concerned parties. This accommodation remained in effect for three years until defendants refused to sign a stipulated judgment maintaining the status quo. Because of this refusal by defendants, plaintiffs once again have come before this Court on motion for summary judgment to have the regulations and ordinances used to exclude the devotees of ISKCON from soliciting at the airport declared unconstitutional.

The motion for summary judgment was submitted on memoranda and initially the ruling was deferred to afford the defendants a hearing on their charges of improper conduct against the solicitors for ISKCON. The matter is now before the Court on ISKCON's motion for reconsideration of the ruling to defer. The motion for reconsideration is valid and the motion of plaintiffs for summary judgment is GRANTED.

ISKCON claims that the ordinance and regulations [hereinafter both will be referred to as simply "regulations"] are unconstitutional on their face because they include First Amendment freedoms within their ambit and vest discretion in officials to grant or deny licenses to engage in such freedoms without definite standards to govern their discretion. Defendants claim that plaintiffs "deceptive business practices" have removed them from the protection of the First Amendment thus depriving them of the standing to challenge the constitutionality of the regulations.

The first question to be decided is whether or not plaintiffs have standing to challenge the regulations. The traditional rule of standing is that a person to whom a statute may be constitutionally applied will not be allowed to challenge a statute on the ground that it might be unconstitutionally

applied to others. *Broadrick v. Oklahoma*, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Yet *Broadrick* and many other cases recognize the exception to this rule that allows a person to challenge a vague and overbroad regulation or statute which affects First Amendment rights despite the fact that the state might validly regulate that person's conduct with a more concisely and narrowly drawn statute, *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); *Freedman v. State of Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965); *ISKCON v. Hays*, 438 F.Supp. 1077 (S.D.Fla.1977); *ISKCON v. Engelhardt*, 425 F.Supp. 176 (W.D.Mo.1977); and despite the fact that the person himself is not engaging in privileged conduct, *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963); *LeFlore v. Robinson*, 434 F.2d 933 (5th Cir. 1970) *vac. on other grounds* 446 F.2d 715 (5th Cir. 1971); *Oestreich v. Hale*, 321 F.Supp. 445 (E.D.Wis. 1970). The rationale behind this exception is that the mere existence of such legislation may cause some persons not before the court to refrain from exercising their First Amendment rights. *See Young v. American Mini Theatres, Inc.*, 427 U.S. 50, 96 S.Ct. 2440, 49 L.Ed.2d 310 (1976). Thus even assuming arguendo that defendants' claim that ISKCON is no longer protected by the First Amendment is true, plaintiff still has standing to challenge the regulations as being impermissibly vague and over-broad.

██ Distribution of literature and solicitation of funds is a religious activity protected by the First Amendment. The United States Supreme Court has held that solicitation of donations and contributions incident to the main objective of propagating the doctrines of a religion is a constitutionally protected activity. *Murdock v. Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *ISKCON v. Rochford*, 425 F.Supp. 734 (N.D. Ill.1977).

██ The final issue is the effect of the ordinance and regulations on the First Amendment right of religious solicitation. When a licensing regulation subjects the exercise of First Amendment freedoms to the prior restraint of a license, it must be drawn with narrow, objective, and definite standards to guide the licensing authority. *Shuttlesworth v. City of Birmingham, Alabama*, 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *ISKCON v. Hays*, 438 F.Supp. 1077 (S.D.Fla.1977); *ISKCON v. Engelhardt*, 425 F. 176 (W.D.Mo.1977). The licensing authority cannot have unfettered discretion, and if it does, the regulation is unconstitutional. *ISKCON v. Hays*, 438 F.Supp. 1077 (S.D.Fla.1977); *ISKCON v. Rochford*, 425 F.Supp. 734 (N.D.Ill.1977). New Orleans Aviation Board Regulation 700.5 [1] prohibits any solicitation of funds. It is clear that this total prohibition is ineffective against First Amendment rights; therefore, it is unconstitutional on its face. Regulation 700.6 [2] purports to be an exception to the absolute prohibition in 700.5 and vests discretion in the Director of Aviation to grant or deny a permit to solicit. There are no standards to guide the Director's discretion; therefore this regulation is also unconstitutional because it is too vague and overbroad and vests total unfettered discretion in the Director.

Kenner Ordinance 764 provides for the regulation and licensing of solicitors within the city of Kenner, the location of the New Orleans International Airport. To obtain a

---

1. *"700.5 Soliciting of Funds.* No person shall solicit funds for any reason whatsoever, at the airport."

2. *"700.6 Selling, soliciting, entertaining.* No person, except those persons or firms authorized by contract by the Aviation Board to do so, or any other persons with the written permission of the Director of Aviation for specific occasions, shall, in or upon any area, platform, stairway, station, waiting room, or any other appurtenance of an air terminal:
   (a) Sell, or offer for sale, any article or merchandise;
   (b) Solicit any business or trade, including the carrying of baggage for hire, the shining of shoes or bootblacking;
   (c) Entertain any persons by singing, dancing or playing any musical instrument;
   (d) Solicit alms."

permit and be licensed to solicit in Kenner, one must first file an application with the city clerk.[3] A ten dollar fee must accompany the application[4] which must contain, along with other information, evidence supplied by the applicant, of his "good character and business respectability",[5] his criminal record, if any,[6] and a statement from a Kenner physician that the applicant is free of contagious, infectious or communicable disease.[7]

The city then uses this information to investigate the applicant's character and business responsibility. Section IV of the ordinance makes his character and responsibility the main criteria for issuance of the permit. If "satisfactory", the permit is issued; if "unsatisfactory", no permit is issued.[8] There are no guidelines in the ordinance to help the mayor and the Board of Aldermen determine what is satisfactory or unsatisfactory.

Assuming that the above criterion is met, there are further steps that must be followed before the applicant becomes and remains a licensed solicitor. If he is not a resident of Kenner or represents a firm with its principal place of business outside Louisiana, he must file a one thousand dollar surety bond with the city.[9] After the permit is granted, the licensee must pay to the city daily fees of $5.00 [10] and must wear a badge at all times of solicitation stating on it that he is a "licensed solicitor." [11]

3. SECTION III. APPLICATION. Applicants for permit and license under this Ordinance must file with the City Clerk a sworn application in writing; (in duplicate) on a form to be furnished by the City Clerk. . . .

4. SECTION III. At the time of the filing of the application, a fee of $10.00 shall be paid to the City Clerk to cover the cost of investigation of the facts stated therein.

5. SECTION III
(h) The fingerprints of the applicant and the names of at least two reliable property owners of the City of Kenner, who will certify as to the applicant's good character and business respectability, or, in lieu of the names of references, such other available evidence as to the good character and business responsibility of the applicant as will enable an investigator to properly evaluate such character and business responsibility; . . . .

6. SECTION III
(i) A statement as to whether or not the applicant has been convicted of any crime, misdemeanor, or violation of any municipal ordinance, the nature of the offense and the punishment or penalty assessed. . . .

7. SECTION III
(j) A statement by a reputable physician of the City of Kenner, dated not more than ten (10) days prior to submission of the application, certifying the applicant to be free of contagious, infectious, or communicable disease.

8. SECTION IV. INVESTIGATION AND ISSUANCE. (a) Upon receipt of such application, the original shall be referred to the Mayor and Board of Aldermen, who shall cause such investigation of the applicant's business and moral character to be made as they deem necessary for the protection of the public good.

(b) If as a result of such investigation, the applicant's character or business responsibility is found to be unsatisfactory, the Mayor and Board of Aldermen shall endorse on such application their disapproval and their reasons for the same, and return the said application to the City Clerk, who shall notify the applicant that his application is disapproved and that no permit and license will be issued.
(c) If as a result of such investigation, the character and business responsibility of the applicant are found to be satisfactory, the Mayor and Board of Aldermen shall endorse on the application their approval, execute a permit addressed to the applicant. . . .

9. SECTION VI. BOND. Every applicant, not a resident of the City of Kenner, or who being a resident of the City of Kenner, represents a firm whose principal place of business is located outside the State of Louisiana, shall file with the City Clerk a surety bond, running to the City in the amount of $1,000, with surety acceptable to and approved by the Mayor, conditioned that the applicant shall comply fully with all the provisions of the ordinances of the City of Kenner and the statutes of the State of Louisiana regulating and concerning the business of solicitor. . . .

10. SECTION V. FEES. (a) The license for which shall be charged by the City Clerk for such license shall be $5.00 per day, $25.00 per week, $75.00 per month, $100.00 per year.

11. SECTION VII. BADGES. The City Clerk shall issue to each licensee at the time of delivery of his license a badge which shall contain the words "Licensed Solicitor," the period for which the license is issued and the number of the license, in letters and figures easily discernible from a distance of ten feet. Such badge

The above is an overview of Kenner's licensing scheme for solicitors, a scheme which runs afoul of the U.S. Constitution in several of its provisions. As previously stated, when a licensing scheme attempts to regulate the exercise of first amendment freedoms, it must be drawn with narrow, objective, and definite standards. *Shuttlesworth v. City of Birmingham, Alabama, supra.* Kenner ordinance 764 has as its main criteria for issuance of permits the character and business responsibility of the solicitor. There are no rules, guidelines, or standards to control the unfettered discretion of the mayor and Board of Aldermen. For this reason, Section IV of the ordinance is unconstitutional.

To sustain specific restrictions on the exercise of first amendment freedoms, a state or municipality must have a compelling or overriding interest which is achieved by the restriction. *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976); *Bates v. City of Little Rock*, 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960). As the court stated in *Elrod*: "The interest advanced must be paramount, one of vital importance, and the burden is on the Government to show the existence of such an interest." *Elrod v. Burns, supra*, 96 S.Ct. at 2684. Section III of the Kenner ordinance requires a statement from a Kenner physician that the applicant is free from "contagious, infectious, or communicable" disease. It could be argued that the City has the health of its citizens as a compelling interest and that this requirement is valid for that reason. However, the statement from a physician does not serve the purpose of protecting the health of the citizens of Kenner. The statement only insures that the applicant is free from disease on that particular day. Thus it is entirely ineffective in preventing the spread of any disease contracted after the date of examination by a physician. Furthermore, there is no constitutional right which requires a statement from a physician before it can be exercised. It is the opinion of this court that the City has not met its burden of showing a compelling interest for this requirement; therefore, this requirement is also unconstitutional. *Murdock v. Commonwealth of Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943). *See also Harper v. Virginia State Board of Elections*, 383 U.S. 663, 89 S.Ct. 1079, 16 L.Ed.2d 169 (1966); *Follett v. Town of McCormick, S.C.*, 321 U.S. 573, 64 S.Ct. 717, 88 L.Ed. 938 (1944); *Grosjean v. American Press Co., Inc.*, 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660 (1936). The Kenner Ordinance imposes three different fees upon the exercise of the first amendment right to disseminate religious materials and solicit donations. Section III requires a ten dollar filing fee to cover the cost of handling the solicitor's application for a permit. The City of Kenner cannot validly impose this fee upon plaintiffs in their exercise of First Amendment freedoms. This prohibition applies equally to the daily fee of five dollars imposed by Section V and to the one thousand dollar surety bond requirement in Section VI. Finally, the City cannot require plaintiffs to wear a badge stating that they are "licensed solicitors." *Wulp v. Corcoran*, 454 F.2d 826 (1st Cir. 1972); *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970).

Wherefore, it is the Order of the Court that Kenner Ordinance 764 and New Orleans Aviation Board Regulations 700.5–700.6 are unconstitutional on their face and judgment will be entered permanently enjoining the City of Kenner and the New Orleans Aviation Board from applying them to plaintiff and its members.

---

shall, during the time such licensee is engaged in soliciting, be worn constantly by the licensee on the front of his outer garment in such a way as to be conspicuous.