**Carie CHERRIS et al.**

v.

**Allan E. AMUNDSON, etc., et al.**

**Civ. A. No. 77–3800.**

United States District Court,
E. D. Louisiana.

Aug. 7, 1978.

Barry A. Fisher, Robert C. Moest, Beverly Hills, Cal., Richard Thompson, New Orleans, La., for plaintiffs.

Lawrence J. Fritz, Asst. Parish Atty., Jefferson Parish, Metairie, La., for defendants.

## MEMORANDUM OPINION AND ORDER

EDWARD J. BOYLE, Sr., District Judge:

Plaintiffs in this suit are members of the Holy Spirit Association for the Unification of World Christianity (Unification Church), an organized religious group,[1] who wish to solicit funds and distribute literature in Jefferson Parish, Louisiana. They have brought this suit under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02 seeking a declaration of unconstitutionality and an injunction against the enforcement of sections 12A–23, 12A–25, 12A–22 and 12A–18 of the Jefferson Parish Code,[2] all of which pertain to the

---

1. The Unification Church's status as an organized religious group is not contested. *See* Plaintiffs Complaint para. V [Record Doc. # 1]; Defendants' Answer, para. V [Record Doc. # 6]. *See also* attachments to Plaintiffs' Amended Motion for Preliminary Injunction [Record Doc. # 9].

2. Chapter 12A of the Jefferson Parish Code purports to regulate solicitation of all sorts, including peddling, charitable solicitation and religious solicitation. Article II of this Chapter, contained in sections 12A–11 through 12A–42, deals with charitable and religious solicitation generally, and section 12A–23 relates solely to religious solicitation.

licensing of Religious Solicitation, and are contained in Chapter 12A of the Jefferson Parish Code. Defendants are various officials of Jefferson Parish responsible for the implementation and enforcement of its laws. The case is now before us on plaintiffs' motion for a preliminary injunction, but the parties have stipulated that the resolution of this motion shall also be a final determination on the merits of the case. *See* Record Doc. # 16; Fed.Rule Civ. Pro. 65(a)(2).

Section 12A–23 makes it unlawful to solicit for religious purposes without first obtaining a certificate from the Director of Safety of Jefferson Parish (Director), and gives the form and an extensive list of information required for application for such a certificate. Section 12A–25 makes violation of the ordinance a misdemeanor, punishable by a minimum of $100 fine or not more than 30 days in jail or both. Section 12A–22 requires that all persons who are issued permits must submit a report and financial statement to the Director within 30 days after solicitation has been completed. Finally, Section 12A–18 requires that permit holders issue specified credentials to their agents or solicitors. There is some overlap in Chapter 12A of the Code, so that some sections apply to both religious and charitable solicitations. The terms "permit" and "certificate" are used interchangeably throughout the Chapter.

Plaintiffs have urged several grounds for holding that the statute in question is unconstitutional. Their most relevant argument is that the sections they have attacked are a prior restraint and impose an unnecessary and unconstitutional burden on the exercise of their First Amendment rights.[3] Defendants, in answer, state that: "The purpose of the ordinance is to allow the Safety Director to obtain sufficient information so that the Director can render a fair and impartial decision on each application." *See* defendants' Answer, Record Doc. # 6. They argue that this is neces-

sary to protect the citizens of Jefferson Parish from fraudulent solicitation. It is also argued that plaintiffs have failed to submit an application in conformity with the requirements of the ordinance and that plaintiffs' application was rejected for this rather than for any unconstitutional reasons. *Id.*

It is well settled that the type of activity that plaintiffs wish to engage in—solicitation of funds and distribution of religious literature—is well within the protection of the First Amendment, *Murdock v. Pennsylvania*, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943), *Cantwell v. Connecticut*, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940), and that such activities may be regulated only "with narrow specificity." *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 338, 9 L.Ed.2d 405 (1963). It is also well settled that a law seeking to license such activity without narrow, objective and definite standards is patently unconstitutional. *Shuttlesworth v. Birmingham*, 394 U.S. 147, 89 S.Ct. 935, 938–939, 22 L.Ed.2d 162 (1969).

Considering these standards, we have determined that the Jefferson Parish Solicitation law is an unreasonable, and hence unconstitutional, burden on the exercise of First Amendment rights. Section 12A–23 requires, *inter alia*: "The names and addresses of the applicant's principal officers and managers and a copy of the resolution, if any, authorizing such solicitation certified to as a true and correct copy of the original by the officer having charge of applicant's records" (§ 12A–23(b)); "The purpose for which such solicitation is to be made, the total amount of funds proposed to be raised thereby, and the use or disposition to be made of any receipts therefrom" (§ 12A–23(c)); "The name and address of the person or persons by whom the receipts of such solicitations shall be disbursed. . . ." (§ 12A–23(d)); the names and addresses of those in charge of the solicitation (§ 12A–23(e)); "An outline of the method or meth-

---

**3.** Plaintiffs also argue that the ordinance is overbroad, that it is unconstitutionally vague and that it lacks the procedural safeguards mandated by the Supreme Court in *Freedman v. Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1975). The result we reach obviates the need for discussion of these issues.

ods to be used in conducting the solicitation" (§ 12A–23(f)); "A financial statement for the last preceding fiscal year. . . ." (§ 12A–23(j)); "A full statement of the character and extent of the religious work being done by the applicant within the Parish of Jefferson" (§ 12A–23(k)); and "Such other information as may be submitted to the director in order for him to determine the kind and character of the proposed solicitation." (§ 12A–23(m)). Section 12A–23 also states that a permit is only good for 30 days, and that a full application must be submitted for renewal of a permit. Additionally, section 12A–22 requires that within 30 days after the solicitation has been completed, a permit holder must submit "a detailed report and financial statement showing the amount raised by the solicitation, the amount expended in collecting such funds, including a detailed report of the wages, fees, commissions and expenses paid to any person in connection with such solicitation, and the disposition of the balance of the funds collected by the solicitation."

In *Cantwell v. Connecticut,* supra, at 904, the Supreme Court stated that:

> The general regulation, in the public interest, of solicitation, which does not involve any religious test *and does not unreasonably obstruct or delay the collection of funds,* is not open to any constitutional objection . . . .

(emphasis added). The plethora of information which must be submitted in order to comply with the Jefferson Parish ordinance obviously constitutes a considerable burden on the exercise of plaintiff's First Amendment rights, especially in light of the fact that a new application must be submitted every 30 days. The clear inference to be drawn from the above quoted statement in *Cantwell v. Connecticut* is that if a statute does unreasonably obstruct and delay the collection of funds, it is open to constitutional attack. It should be noted in this regard that plaintiffs' application was twice rejected because the information supplied

on it was found to be inadequate or unacceptable. *See* Defendants' Answer, Record Doc. # 6. It is apparent that the ordinance has thus far *completely* obstructed plaintiffs' efforts to solicit funds, despite the fact that their application contained enough data to eliminate any reasonable doubt as to their authority or bona fides. *See* plaintiffs' Amended Motion for Preliminary Injunction, Record Doc. # 9, and attachments thereto.

It is also apparent, from the nature and extent of the information required as well as from defendants' Answer, *supra,* that the ordinance vests the Director with constitutionally forbidden unbridled discretion in evaluating each application. Sections 12A–23(d) (name and address of persons by whom receipts will be disbursed), 12A–23(e) (name and address of those in charge of the solicitation, etc.) and 12A–23(j) (financial statement for the last preceding year) all state that the specified data is only required "if deemed necessary by the director." No standards are provided by which he is to judge whether such information is necessary.[4] And as noted previously, section 12A–23(k) requires "A full statement of the character and extent of the religious work being done by the applicant within the Parish of Jefferson" and section 12A–23(m) requires "Such other information as may be submitted to the director in order for him to determine the kind and character of the proposed solicitation."

Section 12A–23 states that "Upon receipt of such application, the director shall forthwith issue the applicant a certificate of registration." Nevertheless, the defendants have stated that the purpose of the ordinance is to give the director enough information so that he "can render a fair and impartial decision on each application." *See* Defendants' Answer, *supra.* So although the ordinance seems to mandate the issuance of the permit, it is obvious that the above cited sections give the director sufficient authority and discretion to decide on each application by an evaluation of the beliefs, practices and operations of the ap-

---

**4.** One of the defects found in plaintiffs' application was the failure to supply a financial statement as stipulated in § 12A–23(j). Obviously, and for unstated reasons, the director "deemed" that one was required in plaintiffs' case.

plicant, and it is equally obvious from defendants' answer that this is what is done. It has long been settled that this sort of scheme, which requires a license for religious solicitation at the subjective discretion of a public official, unguided by narrow standards, is unconstitutional. *Cantwell v. Connecticut*, supra; *Shuttlesworth v. Birmingham*, supra; *Hynes v. Mayor and City Council of Borough of Oradell*, 425 U.S. 610, 96 S.Ct. 1755, 48 L.Ed.2d 243 (1976); *International Society for Krishna Consciousness v. Lentini*, 461 F.Supp. 49 (E.D.La.1978). Even though the ordinance may be necessary to prevent fraudulent solicitation, which is the only justification for the ordinance offered by the defendants,[5] such fact would not cure the constitutional defect resulting from the subjective discretion vested in the Director of Safety by the ordinance. *Schneider v. New Jersey*, 308 U.S. 147, 60 S.Ct. 146, 152, 84 L.Ed. 155 (1939).

Accordingly, we hold unconstitutional sections 12A–23, 12A–25, 12A–22 and 12A–18 of the Jefferson Parish Code and the injunction sought should issue.

---

**5.** Although defendants assert in their answer that the ordinance is justified by the parish's interest in protecting the public from fraud, their brief in response to the instant motion does not address any of the constitutional issues involved in this case. *See* Memorandum for Defendants [Record Doc. # 15].