HOLY SPIRIT ASSOCIATION FOR the UNIFICATION OF WORLD CHRISTIANITY, and William Poe, on behalf of themselves and all Holy Spirit Association for the Unification of World Christianity Members, Plaintiffs,

v.

J. T. ALLEY, Chief of Police, Lubbock, Texas, and Joe C. Ross, City Attorney of Lubbock, Texas, Individually and in their official capacities, and City of Lubbock, Texas, Defendants.

Civ. A. No. CA-5-77-156.

United States District Court,
N. D. Texas,
Lubbock Division.

Aug. 29, 1978.

Thomas J. Griffith, Lubbock, Tex., Barry A. Fisher, Robert C. Moest, Beverly Hills, Cal., for plaintiffs.

James P. Brewster, Donald G. Vandiver, Lubbock, Tex., for defendants.

## MEMORANDUM AND ORDER

WOODWARD, Chief Judge.

This is a civil rights action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02 by the Holy Spirit Association for the Unification of World Christianity and William Poe to enjoin enforcement of the Lubbock Code of Ordinances, Ordinance No. 7264, §§ 22–10, *et seq.* The plaintiffs allege that said ordinance violates First Amendment guarantees of freedom of speech and religion because it vests complete discretion in public officials to grant or deny permits to engage in solicitation of contributions, a protected First Amendment activity. The ordinance in question prohibits solicitation of funds within the city limits unless a permit is first obtained from the city licensing officer, who may either issue a permit after the initial application has been on file for thirty (30) days or refer the request to the Better Business Bureau for its recommendation.

It is well-established that solicitation of donations for church support is a protected First Amendment activity. *Murdock v. Pennsylvania,* 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943); *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *ISKCON v. Collins* (S.D.Tex. 1977). While certain restrictions on First Amendment freedoms have been found permissible, it is a fundamental principle that regulations conditioning the exercise of First Amendment activities on prior approval of such activities are suspect and presumptively unconstitutional. *Kunz v. New York,* 340 U.S. 290, 71 S.Ct. 312, 95 L.Ed. 280 (1951); *Cox v. New Hampshire,* 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049 (1941). Further, if the state desires to regulate First Amendment activities in the interest of the public safety and welfare, it must provide definite and narrow standards by which such regulation is to operate. *Shuttlesworth v. Birmingham,* 394 U.S. 147, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969); *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). Regulations which do not contain such narrow, objective, and definite standards to guide the particular licensing authority are unconstitutional. *Shuttlesworth v. Birmingham, supra,* 394 U.S. at 150–151, 89 S.Ct. 935. In addition, the issue of whether an ordinance is void on its face because it impinges upon constitutionally protected activities is a legal, not a factual, question, and therefore one appropriate for summary judgment. *ISKCON v. Hays,* 438 F.Supp. 1077, 1088 (S.D.Fla.1977); *ISKCON v. Rochford,* 425 F.Supp. 734, 738 (N.D.Ill.1977).

Application of these principles to the Lubbock ordinance in question compels the finding that it is unconstitutional on its face as it contains no standards by which the city licensing officer or the Better Business Bureau are to be guided in issuing a permit for solicitation of funds. Thus plaintiffs' motion for summary judgment is GRANTED, the court hereby enjoins enforcement of Ordinance No. 7264, §§ 22–10, *et seq.,* as written.

The court is withholding a ruling on plaintiffs' motion for summary judgment for attorney's fees pending further consideration of the matter.

A judgment will be entered granting plaintiffs' motion for summary judgment for injunctive and declaratory relief, dismissing this cause with prejudice.